RUFFU V. RUFFU

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH 

NO. 2-06-082-CV

DAVID W. RUFFU, ET AL. APPELLANTS

V.

SIDNEY W. RUFFU APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2
 OF DENTON COUNTY

----------

MEMORANDUM
 
OPINION
(footnote: 1)
----------

On October 18, 2006, appellants, acting pro se, filed their brief with this court.  On October 26, 2006, we notified appellants that the brief is defective in substance and form, specifically listing the ways in which the brief does not comply with the rules of appellate procedure.  
See
 T
EX.
 R. A
PP.
 P. 38.1(a)–(j), 42.3.  We also stated that failure to file an amended brief complying with the rules on or before November 6, 2006 could result in us striking the noncompliant brief, waiver of any nonconforming points, or dismissal of the appeal.  
See
 
Tex. R. App. P.
 38.9.  Appellants have not filed an amended brief, nor have they responded to our letter.

Rule 38.9 provides that “substantial compliance” with the briefing rules is required subject to exceptions.  
Tex. R. App. P
.
 38.9.  First, if the court determines that the briefing rules have been flagrantly violated as to form, the court may require the appellant to amend, supplement, or redraw his brief.  
Id
. 38.9(a).  If the appellant files another brief that does not comply, the court may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief.  
Id
.

Accordingly, because this court informed appellants of the substantial defects in their brief, and appellants failed to file an amended brief curing those defects, we strike appellants’ brief and dismiss the appeal.  
See
 
Tex. R. App. P.
 38.8(a)(1), 38.9(a), 42.3(c); 
Newman v. Clark
, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.).

PER CURIAM 

PANEL D:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: December 14, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.